IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)   STEVEN SCHREINER AND | ) | |
| (2)   LAURA ROJO | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.:_____ |
| | ) | |
| v. | ) | |
| | ) | |
| (1)   FARMERS INSURANCE COMPANY, | ) | |
| INC. AND | ) | |
| (2)   BRIAN HIGGINS | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

COMES NOW the Defendant, Farmers Insurance Company, Inc. ("Farmers"), a Write-Your-Own ("WYO") Program insurance carrier participating in the United States government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 as amended ("NFIA")[1], appearing herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] and files this Notice of Removal pursuant to 28 U.S.C. §1446, hereby removing this matter from state court to the docket of this Honorable Court. Farmers would respectfully show as follows:

1.   On or about August 21, 2014, Plaintiffs, Steven Schreiner and Laura Rojo, filed a lawsuit in Oklahoma County District Court for the State of Oklahoma, entitled "*Steven Schreiner and Laura Rojo v. Farmers Insurance Company, Inc. and Brian*

---

[1] 42 U.S.C. § 4001, *et seq.*
[2] 44 C.F.R. § 62.23(f).
[3] 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna,* 143 F.3d 951, 953 (5th Cir.1998).

*Higgins*" and bearing Case No. CJ-2014-4712.  (Plaintiffs' Petition is attached hereto within Exhibit 1, which includes a copy of all processes, pleadings, and orders of the state court record as required by 28 U.S.C. §1446(a).)

2. For the reasons that follow, Farmers hereby removes this case from state court to this United States District Court, pursuant to 28 U.S.C. §1331, 42 U.S.C. §4072, 28 U.S.C. §1337, and 28 U.S.C. §1367.

3. As this Court is well aware, removal is premised upon the face of a plaintiff's complaint.  Therefore, Farmers directs this Court's attention to the allegations set forth in the Plaintiffs' Complaint ("Petition"), which asserts a federal contract claim against Farmers.

**I.   REVIEW OF THE PLAINTIFFS' COMPLAINT ("PETITION")**

4. Plaintiffs characterized their cause of action as one for "Breach of Agreement – Contract (Contract)."  *See* Exhibit 1, Issue #1 on the state court docket sheet.

5. Plaintiffs allege that they are the owners of a home in Yukon, Oklahoma, for which they authorized an insurance agent, Brian Higgins, to purchase flood insurance from Farmers.  Petition, ¶ 4.  Plaintiffs also allege to have purchased an insurance policy from Farmers, through Agent, Brian Higgins.  *Id.* at ¶ 1.  Plaintiffs then allege that both Brian Higgins and Farmers "negligently failed" failed to provide flood insurance coverage for Plaintiffs' home.  *Id.* at ¶ 5.

6. Based upon these allegations, Plaintiffs aver that they have suffered "tremendous economic loss and damages, severe mental and emotional anguish and distress, all compensable by law in excess of $75,000.00." Id at ¶ 6.

7. Also based upon these allegations, Farmers contends there are numerous bases for federal jurisdiction.

## II.    THE FEDERAL REGULATORY SCHEME

8. Congress underwrites all operations of the NFIP through the U.S. Treasury. Further, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically the Federal Emergency Management Agency ("FEMA").[4]

9. Congress delegated rulemaking authority exclusively to the Federal Government to determine the conditions of insurability and to write the flood policy. *See* 42 U.S.C. §4013(a).  Decades ago, FEMA exercised its authority under §4013(a) to adopt, by regulation, the terms and conditions of insurability, which includes the Standard Flood Insurance Policy ("SFIP"), itself, which is found at 44 C.F.R. Pt. 61, App. A.

10. Pursuant to Congressional authorization found at 42 U.S.C. §4071(a)(1), FEMA uses "Write-Your-Own" companies like Farmers to aid it in its statutory duty to administer the National Flood Insurance Program.  *See also*, 42 U.S.C. §4081(a)(permitting FEMA's Director to enter into arrangements with private insurance companies in order to make use of their "facilities and services"); 44 C.F.R. §62.23(a)-(d)

---

[4] 42 U.S.C. §§4013, 4017, 4019.

(establishing the WYO program to permit private insurers to sell and administer Standard Flood Insurance Policies).

11.  Farmers, as a WYO carrier, is authorized by the Federal Emergency Management Agency ("FEMA"), pursuant to the *Arrangement*,[5] to issue SFIPs on behalf of the federal government. The SFIP is a codified federal law found at 44 C.F.R., Part 61, App. A(1)(Apr. 3, 2009 ed.).[6] The SFIP is incorporated into the Code of Federal Regulations at 44 C.F.R. §61.13(a).

12.  Farmers cannot waive, alter or amend any of the provisions of the SFIP. *See* 44 C.F.R. §61.13(d) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(D).

13.  Farmers role, as a WYO Program carrier and as set forth in the Arrangement, is to market, sell, administer, and handle claims under SFIPs that it is authorized to issue on behalf of the federal government. To this end, FEMA recently issued a bulletin clarifying its long standing position as to its program that <u>all</u> claims regarding the SFIP, from the initial sale forward, are governed by federal law alone. *See,* Exhibit 3, FEMA Bulletin W-09038. *See also*, Exhibit 4, Declaration of James S.P. Shortley, a/k/a "The Cohen Declaration," Sept. 30, 1999. It is clear that Farmers, in its WYO capacity, is conducting all of these actions in its fiduciary capacity as the "fiscal agent" of the United States. *See* 44 C.F.R. §62.23(f) and 42 U.S.C. §4071(a)(1), respectively.

---

[5] 44 C.F.R. Part 62, Appendix A
[6] Attached hereto as Exhibit 2 are copies of purported SFIP Policy Declarations at issue.

14. All flood claim payments by a WYO carrier, such as Farmers, under an SFIP are made out of a segregated account containing U.S. Treasury funds, as required by 44 C.F.R. Part 62, App. A, Art. III. The U.S. Fifth Circuit has held that "payments made pursuant to that policy are 'a direct charge on the public treasury.'" *Gowland*, 143 F.3d at 955, citing to *In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir.1987). *See Downey v. State Farm Fire & Cas. Ins. Co.*, 266 F.3d 675, 679-680 (7th Cir. 2001); and *Gowland*, 143 F.3d at 955, *citing to In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir.1987)(holding that "payments made pursuant to that policy are 'a direct charge on the public treasury.'"). Likewise, all of Farmers litigation costs, as a WYO Program carrier, are paid by FEMA. *See* 42 U.S.C. §4081(c). *See also*, *Downey*, 266 F.3d at 679. The U.S. Eleventh Circuit analyzed what funds are at stake in the NFIP with regard to claims for interest and noted that "claim payments come out of FEMA's pocket regardless of how they are paid." *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1311 (11th Cir. 2001), *rehearing en banc denied*, 263 F.3d 172 (11th Cir. 2001).

### III.   THE STANDARD FLOOD INSURANCE POLICY

15. Farmers is alleged to have issued an SFIP to the Plaintiffs for the subject property located at located in Yukon, Oklahoma. (Petition, ¶1 and ¶4). Plaintiffs and Farmers are the only parties to this contract of flood insurance.

16. Article IX of the SFIP states:

This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, et seq.) and Federal common law.

44 C.F.R. Pt. 61, App. A(1), Art. IX.

17.     Clearly, the payment that Plaintiffs seek from Farmers would be a "direct charge on the public treasury," and would be "binding" upon the federal government. *Gowland*, 143 F.3d at 955; and 44 C.F.R. Part 62, App. A, Art. II(F).

**IV.     THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE**

18.     As stated above, the WYO carrier, such as Farmers, is authorized by FEMA pursuant to the *Arrangement* found at 44 C.F.R. Part 62, App. A to issue SFIPs. However, effective October 1, 2004, there was a revised *Arrangement* between FEMA and all WYO Program carriers, including Farmers.  In that revised *Arrangement*, FEMA further clarified its regulations to make clear that, in addition to disputes arising from claims and claims handling, the policy sales and administration are performed by the WYO carriers (a) in their fiduciary capacity to the government, (b) utilizing federal funds, and (c) governed by extensive federal regulations.

19.     Since 1983, the WYO Program companies have issued Standard Flood Insurance Policies in their names[6] collecting premiums in segregated accounts from which they pay claims and make necessary refunds under those policies. 44 C.F.R. Pt. 62, App. A, Arts. II(E), III(D), III(E).  Premiums collected from policy holders by the WYO Program companies are, after deduction of the companies' fees and administrative costs, deposited in the National Flood Insurance Fund in the United States Treasury. 42 U.S.C. §4017(d).   "Premiums are federal funds from the moment they are collected," with

---

[6] *See* 44 C.F.R. §§61.13(f), 62.23(a).

interest earned thereon belonging to the United States (Write Your Own companies must remit to the Treasury "all funds, including interest, not required to meet current expenditures - currently limited to $5,000.00). 44 C.F.R. Pt. 62, App. A, Art VII(B).  In the absence of sufficient funds in the segregated accounts (which is essentially always given the $5,000.00 cap), WYO Program companies pay claims and make refunds by drawing on FEMA letters of credit from the U.S. Treasury.  *See* 44 C.F.R. Pt. 62, App. A. Art. IV; *Flick v. Liberty Mutual Fire Ins. Co.,* 205 F.3d, 393-94 (9th Cir. 2000), *cert. denied*, 531 U.S. 927, 121 S.Ct. 305 (2000).

20.     Moreover, FEMA again stated its view that "any" such litigation states a federal question.  Each of these points is now clearly stated within the revised *Arrangement*, and in the following two paragraphs that became effective on October 1, 2004:

> Whereas, FIA has promulgated regulations and guidance implementing the Act and the Write-Your-Own Program whereby participating private insurance companies act in a fiduciary capacity utilizing federal funds to sell and administer the Standard Flood Insurance Policies, and has extensively regulated the participating companies' activities when selling or administering the Standard Flood Insurance Policies; and
>
> Whereas any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder <u>raise a federal question</u>; and . . . .

(emphasis added) 44 C.F.R. Pt. 62, App. A at Article I.

21.     Further, in Article II(A)(1) of the *Arrangement*, the processes of "policy administration" are made the very first duty of the WYO Program carrier. This includes

eligibility determinations, rating determinations, policy issuance, policy endorsements, etc. *See also*, Art. II(D), which concerns "policy issuance."

22. The *Arrangement* further states:

> G. Compliance with Agency Standard and Guidelines.
>
> 1. The Company shall comply with written standards, procedures, and guidance issued by FEMA or FIA relating to the NFIP and applicable to the Company.
>
> 2. The Company shall market flood insurance policies in a manner consistent with marketing guidelines established by FIA.

44 C.F.R. Pt. 62, App. A, Art. II(G).

23. Article III(D) of the *Arrangement* states:

> 2. Loss payments include payments as the result of litigation that arises under the scope of this Arrangement, and the Authorities set forth herein.
> …

44 C.F.R. Pt. 62, App. A. The "scope of this Arrangement," includes the marketing, sales, issuance, administration and renewal of SFIPs issued by the WYO carriers. Thus, any resulting judgment shall be made with federal funds. *See* Exhibit 4, The Cohen Declaration, which explains that FEMA pays the judgments, if any, and attorney's fees for claims that proceed to litigation against the WYO company.

24. The NFIP, the SFIP, and the WYO Program carriers participating in the NFIP are all governed by federal law, not state law. *See West v. Harris*, 573 F.2d 873 (5th Cir. 1978), *cert. denied*, 440 U.S. 946 (1979). In *West*, 573 F.2d at 881, the court stated the following:

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal

8

government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

25. Based upon the forgoing, it is clear that the NFIP, the SFIP and the WYO Program carriers participating in the NFIP are all governed by federal law, not state law.

V. **FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. §1331**

26. Based upon the facts pled by the Plaintiffs there are numerous federal questions presented by the Complaint.

27. The district court in *Jamal v. Travelers*, 97 F.Supp.2d 800, 805 (S.D. Tex. 2000), held that interpretation of the SFIP alone raises numerous federal questions.

28. Whether the Plaintiffs are owed any coverage, or any kind of refund of premiums, or whether Farmers in any way violated the rules regarding the sales of SFIPs, as promulgated by FEMA and Congress, necessarily raise federal questions.

29. Plaintiffs' Petition directly implicates Article II - Definitions, subparagraphs (B)(3) and (B)(6), as well as Article VII – Conditions, subparagraph (C), of the SFIP, 44 C.F.R., Part 61, App. A(1)(Apr. 3, 2009 ed.).

30. As such, Farmers contends that this Court has original jurisdiction as per 28 U.S.C. §1331.

VI. **EXCLUSIVE FEDERAL JURISDICTION UNDER 42 U.S.C. §4072**

31. Farmers further contends that the Petition also invokes 42 U.S.C. §4072.

32. With the inception of the WYO Program in 1983, Congress amended 42 U.S.C. §4072 to state that there will be original "exclusive" jurisdiction in federal court for actions on SFIP claims. *See* Pub.L. 98-181, § 451(d)(5). Thus, from the beginning of

the WYO Program Congress intended for flood claims under SFIPs to be only in a federal forum.

33. The U.S. Second Circuit conducted a detailed analysis of whether §4072 applies to WYO carriers. *Palmieri v. Audubon Ins. Co.*, 445 F.3d 179 (2d Cir. 2006). After studying how §4072 fits within the NFIA, the Second Circuit joined the Third and Sixth Circuits in holding that §4072 indeed applies to WYO carriers. *Id.*; see also, *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F. 161, 166 (3rd Cir. 1998) and *Gibson v. American Bankers Ins. Co.*, 289 F.3d 943, 946-47 (6 Cir. 2002), respectively.

34. Therefore, Farmers contends that this Court has original "exclusive" jurisdiction over the claims at bar.

35. Plaintiffs' effort to obtain a state court forum over these issues, is an effort to have a state court decline to uphold federal law upon these topics, and is a threat to the development of a uniform body of case law governing the NFIP on all such matters.

## VII. FEDERAL JURISDICTION UNDER 28 U.S.C. §1337

36. As an additional basis for federal jurisdiction, Farmers contends that 28 U.S.C. §1337 also applies to the case at bar. As this Court is aware, §1337 grants "original jurisdiction of any civil action or proceeding under any Act of Congress regulating commerce, ...".

37. In *C.E.R. 1988, Inc. v. The Aetna Cas. and Surety Co.*, 386 F.3d 263, 267 (3rd Cir. 2004), the court in analyzing the structure of the NFIP under the National Flood Insurance Act of 1968, as amended, held:

States have no regulatory control over the Program's operations. [FN3].

> FN3. The insurance industry in the United States operates in interstate commerce. States may regulate the insurance industry only to the extent Congress permits. U.S. Const. art. I, § 8, cl. 3. The McCarren-Ferguson Act, 15 U.S.C. § 1011, *et seq.,* grants states this power except where Congress enacts legislation that "specifically relates to the business of insurance." 15 U.S.C. § 1012(b). In *Barnett Bank of Marion County v. Nelson,* 517 U.S. 25, 116 S.Ct. 1103, 134 L.Ed.2d 237 (1996), the Supreme Court held that the exception for acts relating to the business of insurance should be construed broadly, noting that "[t]he word 'relates' is highly general." *Id.* at 38, 116 S.Ct. 1103. <u>Without doubt the NFIA is congressionally-enacted legislation relating to the business of insurance</u>.

(emphasis added).

38. Therefore, original jurisdiction in this Court is conveyed in 28 U.S.C. §1337.

## VIII. SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS

39. To the extent that any of the other claims of the Plaintiffs are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. §1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367. See *Exxon Mobile Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005).

40. Traditionally, federal courts have exercised supplemental jurisdiction over all such claims in cases of this type. See*, e.g., Winkler v. State Farm Fire*, 266 F.Supp.2d 509, 513-14 (S.D.Miss. 2003); and *Jamal v. Travelers Lloyds of Texas Ins. Co.,* 97 F. Supp.2d 800 (S.D. Tex. 2000). Handling all claims arising in this dispute in one forum will serve the interest of judicial economy and fairness. *Winkler,* 266 F.Supp.2d at 514.

## X.     PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

41.    This notice of removal was timely filed on Friday, September 19, 2014. Upon information and belief, Farmers has not yet been served; and as shown by Exhibit 1, service was made by certified mail to defendant, Brian Higgins on September 2, 2014. The thirty day period in which to remove does not commence running until the defendant is actually served.  Since Farmers filed this notice of removal in advance of both, Brian Higgins' October 2, 2014 removal deadline, and the commencement of Farmers' thirty day removal period, it is timely in accordance with 28 U.S.C. §1446(b).

42.    Venue for this removal is proper in the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. §1391 and 44 C.F.R. Pt. 61, App. A(1), Article VII(R), as the original suit is pending within the jurisdictional territory of this Court, and the property made subject of this lawsuit is located in a county within the boundaries of this district.

43.    In an abundance of caution, pursuant to 28 U.S.C. §1441(c), Farmers obtained Defendant, Brian Higgins' consent to this removal both verbally, and in writing, on September 18, 2014.  *See* Exhibit 5.

44.    Pursuant to 28 U.S.C. §1446(a), attached hereto as Exhibit 1 is a copy of all processes, pleadings, and orders of the state court record through September 18, 2014.

## **CONCLUSION**

WHEREFORE, Defendant, Farmers Insurance Company, Inc., prays that this Notice of Removal be deemed good and sufficient, and that this matter will be removed

from Oklahoma County District Court for State of Oklahoma, to the docket of this Honorable Court.

Date:  September 19, 2014

        Respectfully submitted,

        **JONES, ANDREWS & ORTIZ, P.C.**

        */s/ Daniel C. Andrews*
        Daniel C. Andrews, Esq.
        21 East Main Street, Suite 101
        Oklahoma City, OK 73104
        Telephone:   (405) 601-8713
        Facsimile:    (405) 232-8330
        dan@jao-law.com
        ***Local Counsel for Farmers Insurance Company, Inc.***

- and -

        **NIELSEN, CARTER & TREAS, LLC**

        */s/ Robert W. Tschirn*
        Robert W. Tschirn, LA Bar Roll No. 31994
        Michael D. Breinin, LA Bar Roll No. 24315
        3838 N. Causeway Boulevard, Suite 2850
        Metairie, Louisiana 70002
        P: (504) 837-2500; F: (504) 832-9165
        Email: rtschirn@nct-law.com
        ***National Counsel for Farmers Insurance Company, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2014, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

E. Ed Bonzie, Esq.
Bonzie Law Firm
8201 S. Walker Avenue
Oklahoma City, OK 73139
***Counsel for Plaintiffs,***
***Steven Schreiner & Laura Rojo***

                                      */s/ Daniel C. Andrews*
                                        Daniel C. Andrews